# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Felix et al | Case No. 6:19-CV-01680 |
| Versus | Judge Michael J Juneau |
| Murphy et al | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Remand filed by Plaintiffs, Paige Felix and D'Saree Alfred (collectively "Plaintiff's" [Rec. Doc. 5] and Defendants' Opposition Memorandum [Rec. Doc. 8] and Supplemental Opposition [Rec. Doc. 14]. For the reasons that follow, the Court will recommend that Plaintiffs' Motion be denied.

## BACKGROUND

This action alleging claims against Loyal L. Murphy and Daily Express, Inc. ("the Defendants"), was removed by Defendants from the 15th Judicial District Court, Lafayette, Louisiana. In the Notice of Removal Defendants allege that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *R. 1*. The Plaintiffs filed the instant motion to remand, alleging that the Defendants had filed

a defective notice of removal because they failed to demonstrate that the amount in controversy exceeds the requisite jurisdictional amount of $75,000. *R. 5.*

## LAW AND ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See, Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In this case, the Defendants must bear that burden.

In their remand motion, the Plaintiffs challenged the Defendants' contention that the amount in controversy exceeds the jurisdictional minimum. The amount in controversy is the sum claimed by the plaintiffs in their complaint if the claim was apparently made in good faith. *See St. Paul Reinsurance*, 134 F.3d at 1253. When

˜2˜

the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *See Manguno*, 276 F.3d at 723. "The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis in original). Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold. If it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Any doubts as to the propriety of removal are construed strictly in favor of remand. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. *See* La. Code Civ. Proc. art. 893(A)(1); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Therefore, the petition filed in this lawsuit does not request recovery of a specific amount. This Court further finds that the amount in controversy is not apparent from the face of the Plaintiffs' petition.

The Plaintiffs allege that they sustained personal injuries as the result of an accident with Defendants' commercial vehicle. In particular, they contend they "suffered severe injuries" causing "severe pain and suffering, loss of enjoyment of life, lost wages and medical expenses, past, present and future." They request damages for past, present and future medical expenses, pain and suffering, severe emotional distress, past, present and future disability and lost wages. *R. 1-1, Petition.*

In their supplemental opposition to Plaintiffs' motion, the Defendants state in an affidavit that the medical records of one of the Plaintiffs, Paige Felix, indicate continuing treatment and restrictions "due to her continuing complaints of pain due to an alleged cervical disc protrusion at C5-C6 with central canal stenosis and upper extremity radiculopathy, multi-level lumbar facet hypertrophy with associated lower extremity radiculopathy and headaches." Defendants cite jurisprudence pertaining to alleged disc injuries similar to those alleged in this action which resulted in awards of general damages which exceed the required jurisdictional amount of $75,000—

˅4˅

"*Callender v. Wal-Mart Louisiana, LLC*, 2015 WL 224910 at *5 (W.D. La. 2015) and the cases cited therein ("Louisiana appellate court cases [ ] have approved general damage awards well in excess of $100,000 for similar spinal injuries" where no surgery was recommended); *Fontenot v. Laperouse*, 774 So.2d 278 (La. App. 3d Cir. 2000); *Keller v. City of Plaquemine*, 700 So.2d 1285, 1296 (La. App. 1st Cir. 1997); *Courtney v. Williams*, 826 So.2d 594 (La. App. 4th Cir.) writ denied, 829 So.2d 1056 (La. 2002). *See also Hernandez v. USA Hosts, Ltd*., 418 Fed. Appx. 293, 294-95 (5th Cir. 2011) (finding the jurisdiction amount was met based on facial allegations that plaintiff sustained "serious personal injuries to her back, knees, shoulder and body" as a result of a fall that occurred while she exited a bus); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (The plaintiff's claims for "temporary inability to do housework" supported the $75,000 amount in controversy requirement).

Further, as Defendants pointed out in its original opposition memorandum, *R. 8*, the attachments containing Plaintiffs' Responses to Defendants' Requests for Admission provide first that the amount of damages she is seeking in this suit does exceed $75,000.00, exclusive of interest and costs, and then state that the amount of damages she is seeking in this suit does not exceed $75,000.00, exclusive of interest and costs, *R. 8-1*, *pp. 3, 4, 6, 7*. When confronted with these mutually exclusive

˘5˘

responses in this Court's March 3, 2020 telephone conference with the parties, counsel for Plaintiff stated that the amount in controversy was over $75,000.00. When the Court questioned him about the instant motion to remand, however, he stated he would have to confer with co-counsel and would withdraw the motion if Plaintiffs' position was that the jurisdictional amount in this court was met. *R. 11*.

## CONCLUSION

The Court finds that the removing defendants have met their burden in proving that the amount in controversy is greater than the statutory minimum for federal court jurisdiction. Accordingly, the Court **RECOMMENDS** that the Plaintiffs' Motion To Remand [Rec. Doc. 5] should be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 20th day of March, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE